Tony W. Wong, Esq. (CSB No. 243324)
A. Justin Lum, Esq. (CSB No. 164882)
**DAVID & RAYMOND I.P. LAW FIRM**
388 E. Valley Blvd., Suite 223
Alhambra, CA 91801
Telephone: (626) 447-7788
Facsimile: (626) 447-7783

Attorneys for Plaintiff
DIKAI INDUSTRIAL (SHENZHEN) CO., LTD.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dikai Industrial (Shenzhen) Co., Ltd., a China Company,<br><br>    Plaintiff,<br><br>v.<br><br>Michel D'Or Limited of Hong Kong, a China business of form unknown, and DOES 1 through 10, inclusive,<br><br>    Defendants. | CASE NO. 2:15-CV-4111<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY JUDGMENT OF INVALIDITY OF REGISTERED PATENT**<br>**(2) DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF REGISTERED PATENT**<br>**(3) VIOLATION OF CAL. BUS. & PROF. CODE § 17200** |

Plaintiff DIKAI INDUSTRIAL (SHENZHEN) CO., LTD., through its

counsel, for its Complaint against Defendants MICHEL D'OR LIMITED OF

HONG KONG and DOES 1 THROUGH 10, INCLUSIVE, states as follows:

# THE PARTIES

1.      Plaintiff DIKAI INDUSTRIAL (SHENZHEN) CO., LTD. ("Plaintiff") is a China company engaging in the manufacture and sale of diamond and gemological tools and equipment with a principal place of business at Lan Tian Technical Industrial Park, Heng Gang Xia Industrial Park, Xing Qiao, Shajing Town, Baoan District, Shenzhen City, Guangdong Province, China.

2.      Plaintiff is informed and believes that Defendant MICHEL D'OR LIMITED OF HONG KONG ("Defendant", "MDL") is a China business of form unknown with a principal place of business at Unit 2007, Metro Centre II, 21 Lam Hing Street, Kowloon Bay, Kowloon, Hong Kong, China.

3.      The true names and capacities of Defendants Does 1 through 10, inclusive, whether individual, corporate, associate or otherwise, and the respective obligations of those defendants to Plaintiff, are unknown to Plaintiff at this time, who therefore sues said defendants by such fictitious names and will ask leave of the Court to amend this Complaint to show their true names and capacities when the same are ascertained.  MDL and the Doe defendants are collectively referred to as "Defendants."

4.      Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants are legally or equitably responsible in some manner

for the occurrences as herein alleged, and that Plaintiff's damages as herein alleged were caused by Defendants' conduct.

5. Plaintiff is informed and believes and thereon alleges that at all times pertinent hereto, each of the Defendants were the agents, servants, and employees of each other, and were acting within the course and scope of their agency and employment.

## JURISDICTION AND VENUE

6. Plaintiff's first and second claims for relief herein arise under the patent laws of the United States, including 35 U.S.C. §101 *et seq.*, the Declaratory Judgment Act, and 28 U.S.C. §§ 2201 and 2202.

7. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 USC § 1331 and 28 U.S.C. § 1338 (a) and (b).

8. Venue is proper in this Court pursuant to 28 U.S.C. §1400 and 28 U.S.C. § 1391because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district, and because Plaintiff and, on information and belief, Defendant, conduct business in this district.

## RELEVANT BACKGROUND

9. Plaintiff brings this action to stop Defendant from engaging in unfair competition concerning enforcement of a design patent issued by the U.S. Patent

and Trademark Office, US. Patent No. D570,114 for "Self Locking Gem Display Box," related to the design of a gem box ("Subject Patent") that it knew to be, or should reasonably have known to be invalid. Defendant has aggressively pursued enforcement of the Subject Patent in spite of the fact that it is widely known to have been anticipated by a substantial body of invalidating prior patents and publications.

10. A true and correct copy of the Subject Patent in question is attached herein as Exhibit "A."

11. It is Plaintiff's understanding and belief that Defendant either had in its possession or could have easily learned of prior patents that invalidate the patent.

12. Plaintiff additionally brings this action to stop Defendant from engaging in unfair competition concerning enforcement of the alleged copyright of a gem box ("Subject Copyright") for which copyright registration is non-existent or invalid. Plaintiff has aggressively pursued enforcement of the Subject Copyright, in spite of the fact that the registration for the Subject Copyright is invalid and/or the registration has not yet been issued.

13. Defendant has repeatedly threatened to file one or more legal actions to enforce the Subject Patent and Subject Copyright. A true and copy of some legal letters and emails are attached herein as Exhibit "B." Defendant has thereby

engaged in unlawful and unfair business practices as defined in the California Unfair Trade Practices Act, Sections 17200 *et seq.*

14. It is Plaintiff's understanding and belief that Defendant's contact with Plaintiff's business partners in the United States and threats of legal action for enforcement of the Subject Patent and Subject Copyright amount to ill founded attempts to interfere with the business of parties who are making, using and selling legitimate products that have been wrongly accused.

15. Plaintiff has been damaged because Plaintiff is the supplier of certain gem boxes that have been accused of infringement of Defendant's Subject Patent and Subject Copyright. Defendant's illegal actions amount to interference with Plaintiff's legitimate business relationships.

16. Based on Plaintiff's information and belief, Defendant had knowledge of and was fully informed of prior patents and publications that would invalidate the Subject Patent prior to threatening legal action to enforce said patent, and thereby has engaged in unfair competition and unfair business practices.

17. Defendant's attempts to enforce the Subject Patent, while knowing that it is not legally enforceable, has and continues to cause damage to Plaintiff's business relationships and interference with Plaintiff's ability to sell the products that have been accused by Defendant.

# FIRST CLAIM FOR RELIEF

(Declaratory Judgment of Invalidity of the Subject Patent)

18. Plaintiff repeats each and every allegation contained in paragraphs 1-17 and incorporates such allegations by reference herein.

19. Plaintiff contends that one or more of claims of the Subject Patent is invalid for failing to comply with the conditions and requirements set forth in the United States Patent Laws, Title 35 U.S.C. §101, *et seq.*, including without limitation §§ 102, 103, and/or 112, and including (*inter alia*) invalidity under 35 U.S.C. §§102, 103, and/or 112.

20. Plaintiff is entitled to entry of judgment pursuant to 28 U.S.C. §§2201 and 2202 from this Court declaring one or more claims of the Subject Patent invalid.

# SECOND CLAIM FOR RELIEF

(Declaratory Judgment of Non-infringement of the Subject Patent)

21. Plaintiff incorporates paragraphs 1 through 17, inclusive, as though the same were set forth in full herein.

22. Defendant has stated a specific intent to file suit against Plaintiff and demands Plaintiff comply with demands beyond Defendant's claims of rights.

23. There presently exists a justiciable controversy regarding the rights of the parties.

24.     On information and belief, Defendant intends to file suit against Plaintiff and absent a declaration of non-infringement Plaintiff will suffer and continues to suffer injury.

25.     Plaintiff is not liable for infringing any valid rights Defendant may claim in the Subject Patent and Defendant has no rights against Plaintiff in the Subject Patent because of its invalidity.

26.     Plaintiff seeks a declaratory judgment that they have not and do not infringe any enforceable rights in the Subject Patent and that they are not otherwise liable to Defendant.

## THIRD CLAIM FOR RELIEF

### Unfair Competition

Under California Business and Professions Code § 17200 *et seq.*

(also known as Unfair Practices Act)

27.     Plaintiff repeats each and every allegation contained in the foregoing paragraphs, 1 through 26, inclusive, and incorporates such allegations by reference herein.

28.     Defendant has committed acts of unfair competition by the knowing enforcement of a patent that is anticipated and unenforceable because of the actual

and/or constructive knowledge of prior patents and publications that show it to be invalid.

29. Defendant has committed acts of unfair competition by the knowing enforcement of a copyright for which copyright registration is invalid or not existing.

30. Defendant's attempts to enforce the Subject Patent and Subject Copyright constitute unfair business acts, including unfair competition and intentional tortious interference with business relationships under the common law and violate California's Unfair Competition Law, Cal. Bus. & Profs. Code § 17200 (also known as the Unfair Practices Act).

31. Plaintiff has no adequate remedy at law for the damages that are continuing to its business as a result of Defendant's actions that are in violation of the Unfair Practices Act.

32. Defendant's acts as alleged herein were malicious, willful, wanton, oppressive and outrageous.

33. Defendant's unfair competition has damaged Plaintiff and caused it irreparable harm, which will continue unless Defendant's unlawful conduct is enjoined by this Court.

34. Upon information and belief, Defendant's acts were in conscious and willful disregard for Plaintiff's rights and the resulting damage to Plaintiff is such as to warrant the enhancement of damages in order to provide just compensation.

//

## **PRAYER**

WHEREFORE, Plaintiff prays judgment against Defendant as follows:

1. For preliminary and permanent injunction against Defendant's unlawful conduct of attempting to enforce the Subject Patent;

2. For entry of a judgment declaring that Plaintiff is not liable for any infringement of the Subject Patent;

3. For entry of a judgment declaring the Subject Patent invalid;

4. For compensatory damages that are to be proven at trial, and at present are not fully determined;

5. For restitution as authorized by law;

6. For prejudgment interest on Plaintiff's damages;

7. For attorneys fees, costs, and expenses incurred in bringing this action;

8. For other and further relief as this Court may deem proper.

Dated: June 1, 2015                             David & Raymond IP Law Firm


                                                __s/Tony W. Wong/_____
                                                Tony W. Wong
                                                A. Justin Lum
                                                Attorneys for Plaintiff
                                                Dikai Industrial (Shenzhen) Co., Ltd.

# DEMAND FOR JURY TRIAL

Plaintiff Dikai Industrial (Shenzhen) Co., Ltd. hereby demands a jury trial on all issues triable as of right to a jury. FED. R. CIV. P. 38(b).

Dated: June 1, 2015                     David & Raymond IP Law Firm


                                                  __s/Tony W. Wong/_____
                                                  Tony W. Wong
                                                  A. Justin Lum
                                                  Attorneys for Plaintiff
                                                  Dikai Industrial (Shenzhen) Co., Ltd.